UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY S. VAN HUISEN, | No. 2: 23-cv-1758 KJN P |
| Plaintiff, | |
| v. | ORDER |
| RON DESANTIS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as

1  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

2  pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236

3  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

4      Named as defendants are Ron DeSantis, Donald Trump, Marco Rubio and Hunter Biden.

5  Plaintiff's claims are largely indecipherable and appear to combine conclusory terms and

6  unrelated phrases and concepts.[1] For example, plaintiff's first claim, which is representative of

7  his second claim, alleges:

> A revolutionary complaint, see D.O.J. vs. Supreme Court 1999, key word "mal apportioned"!  Reprisal & retaliation for victories achieved by U.S. Citizens.  Affirmative action needed with redress to abides our 8th 4 14th amendment rights.  Cruelty crept in the above proceedings & caused a mal apportioned 2020 presidential election.  A country divided against itself cannot stand J.F.V.  This imperialist or omega (silent conspiracy; note: stench factor) who partner in legislating those proceedings, set a trap for themselves.  This D.O.C. # 525 U.S. 316 D.O.C. U.S. Supreme Court is a companion case for abridging our constitutional rights  Please read the Declaration of Independence; it is now time apportioned.  Mal apportioned itself, the origin of the word is venom-cruelty.  Omits on the silent wall of conspiracy "the veil" comes down with redress for our grievances and affirmative action.

16  (ECF No. 1 at 3.)

17      Plaintiff's complaint is incomprehensible, lacks substance, contains no specific charging

18  allegations as to each defendant, and fails to identify how any named defendant violated

19  plaintiff's federal statutory or constitutional rights.  As written, the complaint fails to state a

20  potentially cognizable federal claim.  Although it is unlikely that plaintiff can cure the pleading

21  defects, the complaint is dismissed with leave to amend in an abundance of caution.

22      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

23  about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g.,

24  West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

25  each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

26  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

---

[1] Plaintiff's handwriting is difficult to read.  For this reason, the undersigned may have misinterpreted some of the words in claim one set forth herein.

defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  September 1, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Van1758.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY S. VAN HUISEN,<br><br>           Plaintiff,<br><br>      v.<br><br>RON DESANTIS, et al.,<br><br>           Defendants. | No.  2: 23-cv-1758 KJN P<br><br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____          Amended Complaint
DATED:

                                                  _____
                                                  Plaintiff