UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY S. VAN HUISEN, | No. 2: 23-cv-1758 WBS KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| RON DESANTIS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, the undersigned recommends dismissal of this action.

<u>Preliminary Matters</u>

On September 1, 2023, the undersigned dismissed plaintiff's complaint with thirty days to file an amended complaint. (ECF No. 8.)

On September 21, 2023, plaintiff filed a motion for an extension of time to file an amended complaint. (ECF No. 18.) On September 25, 2023, plaintiff filed an amended complaint. (ECF No. 19.)

On October 27, 2023, and November 17, 2023, plaintiff filed motions for extensions of time to file a second amended complaint. (ECF No. 22, 23.) On November 30, 2023, plaintiff filed a second amended complaint. (ECF No. 24.)

   Good cause appearing, plaintiff's motions for extension of time are granted. Plaintiff's second amended complaint is deemed timely filed. The undersigned herein screens plaintiff's second amended complaint. Fed. R. Civ. P. 15.

   On September 11, 2023, plaintiff filed a motion to correct. (ECF No. 12.) In this motion, plaintiff appears to allege that he did not consent to the jurisdiction of the undersigned. (Id.) Court records reflect that the Honorable William B. Shubb is assigned to this action. Plaintiff's concerns raised in his September 11, 2023 motion are resolved by the assignment of District Judge Shubb to this action. Accordingly, the undersigned deems plaintiff's motion to correct resolved.

Second Amended Complaint

*Screening Standard*

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

   A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

*Second Amended Complaint*

Like the original complaint, the second amended complaint names as defendants Ron DeSantis, Donald J. Trump, Marco Rubio and Hunter Biden. (ECF No. 24 at 2.) The second amended complaint contains three claims for relief which are largely undecipherable and appear to combine conclusory terms and unrelated phrases and concepts. For example, plaintiff's first claim, which is representative of all three claims, alleges:

> Election Contest. Man is more disposed to suffer evils while evils are sufferable then to right themselves by abolishing the forms which their accustomed. Whisked away by silent conspiracy. Policed into detention without trial to be tortured, i.e., the trap, in some cases murdered. Jimmy Krueger, Minister of Justice. Outlawry! Bounded you gave me knowledge of freedom, silenced you taught me how to speak! Davis the revolution. Call for action; revolt, Israel. It is their right, it is their duty to throw off such government & provide future guards for their security. D.O.I. time apportioned. The defendants did to the plaintiff illicit cohabitation. Sic rights. Confidence game. More disposed to suffer. Omerga, P.O.D., Autrie vie, Stealth factor. The Hatch Act, Autrie Vie & P.O.D., my mother's estate (a weapon of cruelty & tyranny). 370 Spanish Spur Fallbrook CA 90028, i.e., leze majesty! Equity a sovereign matter. Deprived. Scintilla of evidence. Isaiah 59:5. Causation the Hatch Act. Blue print. Right now, no legitimate penological interest in mint. The Tower Cop web. They hatch eggs & weave the spiders web & from those who eat their eggs dies & from that which is crushed a vipor breaks out. Isaiah:59:5, sic.

(Id. at 4.)

Like the original complaint, plaintiff's second amended complaint is incomprehensible, lacks substance and fails to identify how any named defendant violated plaintiff's federal statutory or constitutional rights. As written, the complaint fails to state a potentially cognizable federal claim.

The undersigned recommends that this action be dismissed because it is clear that plaintiff cannot cure the pleadings defects discussed above. Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not cured by amendment.'") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1998) (per curiam)).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to correct (ECF No. 12) is deemed resolved;

2. Plaintiff's motions for extension of time (ECF Nos. 18, 22, 23) are granted; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 8, 2023

_KENDALL J. NEWMAN_
UNITED STATES MAGISTRATE JUDGE

Van1758.56

4